UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

DANNY WILLIS                                    CIVIL ACTION NO. 09-1716
     LA. DOC #504328
VS.                                             SECTION P

WEST CARROLL PARISH                             JUDGE ROBERT G.  JAMES
DETENTION CENTER,
ET AL.                                          MAG.  JUDGE KAREN L. HAYES

<u>REPORT AND RECOMMENDATION</u>

Plaintiff Danny Willis, proceeding *pro se* and *in forma pauperis*, filed the instant civil

rights complaint pursuant to 42 U.S.C. §1983 on September 30, 2009. Plaintiff is an inmate in

the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at

the Winn Corrections Center, Winnfield, Louisiana; however when he filed this complaint he

was incarcerated at the Forcht-Wade Corrections Center (FWCC), Keithville, Louisiana. Plaintiff

complains that he was denied appropriate medical care from November 22, 2005, to the date he

filed his complaint while he was incarcerated at the West Carroll Parish Detention Center

(WCPDC), the Franklin Parish Detention Center (FPDC), and the FWCC.  In his original

complaint he named the three institutions as defendants and prayed for compensatory damages

for "their medical negligence." In an amended complaint filed on March 26, 2010, he referred to

"Defendants Baldwin and/or Wheeler and Palmer..." [Doc. 7, p. 4] This matter has been referred

to the undersigned for review, report, and recommendation in accordance with the provisions of

28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is

recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and/or for

failing to state a claim for which relief may be granted.

***Background***

*1. Original Complaint [Doc. 1]*

Plaintiff was arrested on November 14, 2005 in Jennings, Louisiana. He was incarcerated at the WCPDC from November 22, 2005, to January 3, 2007. According to plaintiff, he suffers from a seizure disorder and is treated with the drug "dilante.."[1]  In June 2006 he became ill and complained of dizziness due to his medical condition. He notified the "proper authorities" at WCPDC but "nothing was done" since there was no physician available at the institution.

One month later, blood tests revealed too much Dilantin® in his system and the medication was discontinued.  He continued to complain of dizziness and his requests for treatment were denied.

On January 3, 2007, he was transferred to FPDC.  Eight months later, his blood tests revealed that his blood was "too thin." FPDC medical staff denied plaintiff treatment and plaintiff's kidneys failed. Plaintiff was hospitalized at the E.A. Conway Hospital where his lungs filled with fluid. According to plaintiff, his kidneys failed in May 2007 and since that time his lungs have remained filled with fluid causing breathing problems. He was sent to E.A. Conway and LSU Medical Center on several occasions, and on one occasion discovered that the soles of his feet were burned.

On November 8, 2008, plaintiff was transferred to FWCC. On April 13, 2009, and again on November 23, 2009, plaintiff was sent to the LSU Medical Center for breathing problems. Plaintiff complains that there is no emergency house doctor at FWCC, that he continues to suffer from his medical condition, and that he receives inadequate care.

---

[1] Plaintiff probably means Dilantin® or phenytoin – a medication used to control certain type of seizures, and to treat and prevent seizures that may begin during or after surgery to the brain or nervous system. Phenytoin is in a class of medications called anticonvulsants. It works by decreasing abnormal electrical activity in the brain. Medline Plus, Medical Encyclopedia, a Service of the U.S. National Library of Medicine and the National Institutes of Health, on-line at http://www.nlm.nih.gov/medlineplus/druginformation.html

### 2. Amended Complaint [Doc. 7]

On December 21, 2009, plaintiff was directed to amend his complaint. He was instructed that his suit, insofar as it named the three facilities where he was incarcerated as defendants, was subject to dismissal because these entities are not juridical persons capable of being sued. He was directed to "amend his complaint and name individuals or juridical entities as defendants." [Doc. 7] He was further instructed to provide: " (1)  the name(s) of each person  who allegedly violated plaintiff's constitutional rights; (2)  a description of what actually occurred or what each defendant did to violate plaintiff's rights; (3)  the place and date(s) that each event occurred; and (4)  a description of the alleged injury sustained as a result of the alleged violation." [*Id.*] Finally, plaintiff was advised that those claims arising while he was incarcerated at WCPDC and FPDC accrued more than one-year prior to the date he filed his complaint and therefore, that aspect of his complaint appeared to be time-barred by the applicable statute of limitations.  He was advised to amend his complaint to demonstrate that each claim was timely, or, to provide some argument and evidence to demonstrate that he is entitled to equitable tolling of his claims.  [*Id.*]

On March 26, 2010, he amended his complaint and averred, "Plaintiff maintains his original argument and would like to direct this Honorable Court to the facts stated in his previous pleadings." He directed the Court to "refer to the record of the matter and his argument and the Amended Complaint relief upon..." and alleged that "... the named individuals are directly responsible for the violation of Plaintiff's constitutional rights either through their actions or non-actions." [Doc. 7, p. 1] He asserted that these defendants violated the mandates of La. R.S.15:831 and various LDOC Health Care Regulations. [*Id.*, pp. 1-2] He maintained that "[t]he negligent acts which occurred with Plaintiff in the instant matter was a direct result of this failure." He also alleged that "[t]he defendant(s) was negligent in failing to fulfill their responsibilities and duties

as required by regulation and law." [*Id.*, p. 2] He also alleged that "[t]he defendant nurses and/or their designated supervisor were responsible for managing treatment of prisoners assigned to the institution." [*Id.*, p. 3] Finally, on page 4 of the amended complaint, plaintiff referred to the defendants by name as  "Defendants Baldwin and/or Wheeler and Palmer...", however, he did not identify these individuals nor state specifically where and when these individuals violated his Constitutional rights.[2]  He did however, allege that these defendants "... knew or reasonably should have known that they were violating plaintiff's clearly established Eighth Amendment rights." [*Id.*, p. 4] He alleged that "...Defendants were negligent as they failed to follow policies ...and ... the proper procedures...." [*Id.*, p. 5] and, he alleged that "... Baldwin, Wheeler, and Palmer may not be held liable in their individual capacity simply because they were in medical capacity positions at the prison(s)..." [*Id.*, p. 6] He alleged that these defendants "... denied treatment for plaintiff for side effects of the over-dosage of the prescribed medication..." and "... further violated Plaintiff's rights by rejecting Plaintiff's requests for treatment..." [*Id.*, p. 7] Again, he alleged, "... Nurse Baldwin and Nurse Wheeler's 'very cursory substitution' of medication and/or increase in prescribed dosages – without having Plaintiff examined by a doctor – is constitutionally infirm." [*Id.*, p. 9] He then alleged, "The defendants were aware of Plaintiff's condition and the inefficacy of the treatment afforded by the prison medical staff, but Defendants Baldwin and Wheeler denied Plaintiff's requests. Medical treatment that is so cursory as to provide no treatment at all gives rise to a claim of deliberate indifference." [*Id.*, p. 10]

 With regard to the issue of prescription, plaintiff alleged, "... that Plaintiff has stated a

---

[2] According to other suit records on file with the Clerk of this Court, Cheryl Baldwin is, or was, a nurse at FPDC. See *Elvis Duke v. Chad Lee, et al.*, No. 3:07-cv-1521. Cheryl Wheeler is, or was, a nurse at FWCC. See *Alan Ortego v. Forcht-Wade Corrections Center, et al.* Finally, W. Colt Palmer is, or was, the medical director at FWCC. See *Brian K. Chisolm v. Anthony Batson, et al.*, No. 5:09-cv-1071.

cause of action in light of the matter of his failure to file a timely complaint..." and he requested

the Court "... to grant [an] exception..." [*Id.*, p. 6] He conceded that he "... failed to timely [file]

as required by the relevant statutes because of external factors beyond his control in that he was

physically impaired due to the serious medical problems arising from the actions of the

defendants in this matter..." [*Id.*, p. 11] He also alleged, "... there was good reason for plaintiff to

have missed the filing deadline due to painful medical treatments or transportation problems

during that period..." [*Id.*, p. 12] He then alleged that he was "... wholly unaware of limitations

requirements as he is basically illiterate and relies on Inmate Counsel assistance..." [*Id.*, p. 13] He

"... concedes that he filed his complaint in this court after the deadline..." but "... urges the Court

to excuse his tardy filing, arguing that he had technical difficulties in filing the complaint, [and]

that he has been diligent in pursuing his rights..." [*Id.*]

### *Law and Analysis*

#### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to

42 U.S.C. §1983,  the court is obliged to evaluate the complaint and dismiss it without service of

process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A;

28 U.S.C.1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact.  *Booker v. Koonce*, 2

F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118

L.Ed.2d 340 (1992). A civil rights complaint fails to state a claim upon which relief can be

granted if it appears that no relief could be granted under any set of facts that could be proven

consistent with the allegations of the complaint. Of course, in making this determination, the

court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits  alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

District courts must construe *in forma pauperis* complaints liberally, but they are given broad discretion in determining when such complaints are frivolous.  *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir.1994).  Federal courts, with regard to prisoner suits filed *in forma pauperis*, are authorized "... to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neiztke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Furthermore, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff filed an original complaint. Since the original complaint was deficient, plaintiff was instructed to amend his complaint to provide additional information. He was instructed to provide specific information and to provide the names of each defendant who violated his Constitutional rights. He was further instructed to describe what each defendant did and to provide the date and place of the occurrence. He filed an amended complaint; however he failed

6

to address the issues noted in the amend order.

### 2. Juridical Persons

Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether an entity such as a  corrections facility has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24.

FPDC and WCPDC are apparently  parish corrections facilities operated by the sheriffs of Franklin Parish and West Carroll Parish. [Compare La. Atty. Gen. Op. No. 03-0437, 2003 WL 23146623; see also,  *Langley v. City of Monroe*, 582 So.2d 367 (La. App. 2d Cir. 1991) and La. R.S.15:702 (The parish governing authority is charged with the duty to provide a good and sufficient jail and to provide for the physical maintenance of parish jails and prisons; however, the administration of such jails is within the province of the sheriff who has the duty of operating the jail and insuring that prisoners are properly cared for, fed and clothed.)]. FWCC is an LDOC institution.

In his original complaint, plaintiff named only three defendants  – the WCPDC, the FPDC, and FWCC.  These prison facilities are NOT juridical persons capable of being sued and therefore his claims against these defendants must be dismissed as frivolous.

### 3. Limitations

The district court is authorized to dismiss a claim as frivolous "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d

254, 256 (5th Cir. 1993).  A district court may raise the limitation period *sua sponte*. See *Harris v. Hegmann,* 198 F.3d 153 (5th Cir. 1999).

The Supreme Court has held that the statute of limitations for a §1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1984).  However, the date of accrual for a §1983 claim is a question of federal law.  *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986).  "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof."  *Piotrowski*, 51 F.3d at 516, quoting *Vigman v. Community National Bank and Trust Co*., 635 F.2d 455, 459 (5th Cir. 1981).  A plaintiff need  not realize that a legal cause of action exists but only that the facts support a claim.  See, *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983).

Plaintiff's claims against WCPDC accrued during the period he was incarcerated there, or from November 2005 to January 2007; his claim against FPDC apparently accrued  in May 2007.

The Fifth Circuit has approved application of Louisiana's one-year personal injury statute of limitations provided by La. Civ.Code Ann. art 3492 in a §1983 action. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).  It appears that some of plaintiff's claims – specifically, his claims arising while he was incarcerated at WCPDC and FPDC – were filed beyond the period of limitations. Plaintiff concedes that the claims that accrued more than one-year prior to the date he filed suit are prescribed.  However he implies that he is entitled to equitable tolling because (a) he was ill and undergoing medical treatment and experiencing transportation problems and (b) because he is illiterate and relied upon inmate counsel.

8

Equitable tolling principles apply to civil rights cases filed under 42 U.S.C. § 1983. *Rotella v. Pederson*, 144 F.3d 892, 897 (5th Cir.1998).  However, nothing herein suggests that this plaintiff is entitled to equitable tolling of the limitations period. Lack of knowledge about the law, does not justify equitable tolling. See  *Barrow v. New Orleans S.S. Ass'n*, 932 F.2d 473, 478 (5th Cir.1991) (finding ignorance of the law does not excuse a person's failure to comply with a statute of limitations); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir.1999) (holding plaintiff's unfamiliarity with the legal process and lack of legal representation during the filing period do not warrant equitable tolling). While disease may warrant equitable tolling, the disease must be of such severity that it rendered the litigant unable to pursue his legal claims. See *Fisher v. Johnson*, 174 F.3d 710, 715 (1999)(referring to mental illness);  *Smith v. Johnson*, 247 F.3d 240, 2001 WL 43520, at *3 (5th Cir. Jan.3, 2001) (per curiam) (unpublished) (Also referring to mental illness in the context of a *habeas corpus* claim and holding, "[A] prisoner's claim of mental incompetence may support tolling the AEDPA time limit if the mental impairment precluded the prisoner from effectively asserting his legal rights") Plaintiff claims that his illness and undefined transportation problems prohibited him from filing suit timely; however, he has not alleged specific facts to support that conclusory allegation.

In short, plaintiff was invited to provide facts and argument to support a claim of equitable tolling. However, he failed to do so. Based on the evidence currently available, plaintiff is not entitled to the benefits of equitable tolling.  See *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir.2000) (discussing the availability of equitable tolling in the context of *habeas corpus* under the AEDPA and noting that neither ignorance of the law, lack of knowledge of filing deadlines, a prisoner's *pro se* status, lack of access to federal statutes and case law, incarceration, illiteracy, deafness, lack of legal training, nor actual innocence claims support equitable tolling of

9

the AEDPA statute of limitations). See also *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir.2002) ("[equitable tolling] will not be applied where the applicant failed to diligently pursue ... relief...").  Thus, it would appear that all claims that accrued prior to September 30, 2008 are prescribed and subject to dismissal as frivolous.

### 4. Medical Care

Finally, even if plaintiff's claims were not prescribed or plaintiff was entitled to the benefits of equitable tolling, all of his claims concerning medical care at the three offending institutions would still be subject to dismissal.

Medical care claims when asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment. In order to prevail on such claims, convicts must establish that the defendant prison officials knew of and then disregarded an excessive risk to the plaintiff's health and safety. *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994);  *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).  In other words, in order to prevail, the plaintiff must plead and then show "deliberate indifference" on the part of the defendants.  *Wilson v. Seiter*, 501 U.S. 294, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).  "Deliberate indifference" in this context means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that <u>they subjectively intended that harm occur</u>. *Thompson v. Upshur County, Texas*, 245 F.3d at 458-59. Such deliberate indifference has been equated with "subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825,837, 114 S.Ct. 1970, 1980, 128 L.Ed.2d 811 (1994);  *Reeves v. Collins*, 27 F.3d 174 (5th Cir.1994).  Thus, even "... the failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is

10

insufficient to show deliberate indifference." *Domino v. Texas Department of Criminal Justice*, 239 F.3d 752, 756 (5t Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from <u>a negligent or even a grossly negligent response</u> to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459 (emphasis supplied). "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997); see also *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir.1999).

"[D]eliberate indifference is an extremely high standard to meet" and requires a showing that "the officials '<u>refused</u> to treat [the prisoner], <u>ignored</u> his complaints, <u>intentionally</u> treated him incorrectly, or engaged in any similar conduct that would clearly evince a <u>wanton disregard</u> for any serious medical needs.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citing *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir.1985)).

Plaintiff's  allegations – accepted as true for the purposes of this analysis – fail to establish deliberate indifference on the part of any of the named defendants or anyone else.  He has not shown that defendants, or anyone else  "'refused to treat [him], ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a <u>wanton disregard</u> for any <u>serious medical needs</u>.'" *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d at 756 (5th Cir.2001).  By his own admission, officials at WCPDC performed blood tests, determined that plaintiff had too much medication in his system, and discontinued the drug. Apparently he resumed taking the drug because while at FPDC it was determined that his blood was too thin and he was sent to E.A. Conway Hospital and the LSU Medical Center for treatment "... on several occasions for these problems...".  Finally, by his own admission, while imprisoned at FWCC he was taken to LSU Medical Center for treatment of breathing problems. [Doc. 1,

¶[IV]  In other words, plaintiff has been afforded medical care at either the E.A. Conway Hospital or the LSU Medical Center whenever his condition warranted such treatment.

His complaints fall far short of alleging facts sufficient to establish deliberate indifference.  Indeed, and as a matter of fact, plaintiff specifically faulted the defendants for their negligence both in the original complaint's prayer for relief,[3] and throughout the amended complaint [4], and, as shown above, allegations of negligence – even negligence amounting to medical malpractice –  do not warrant relief pursuant to §1983.

Finally, plaintiff faulted the defendants for violating Louisiana law and regulations governing the LDOC (see Doc. 7, pp. 2, "Plaintiff avers that the defendants failed to conform not only to the standards as required by the State statute (La. R.S.15:831), but also their own guidelines (LDOC Health Care Policies, Nos. HC-01 and HC-03)."  Absent some showing that the defendants violated the Constitution or laws of the United States, complaints about the violation of state statutes or state agency regulations are insufficient as a matter of law to support a claim for relief under 42 U.S.C. § 1983. See *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir.1996), (holding that a prison official's failure to follow the prison's own policies, procedures, and regulations does not constitute a violation of due process if constitutional *minima* are nevertheless met); *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir.1995), *cert. denied*, 516 U.S. 860, 116 S.Ct. 167, 133 L.Ed.2d 109 (1995) (holding that a mere failure to accord procedural protection called for by state law or regulation does not of itself amount to a denial of due

___

[3] Plaintiff prayed for "... monetary damages against the defendants for medical negligence..." [Doc. 1, ¶V]

[4] Plaintiff alleged  –  "[t]he negligent acts which occurred with Plaintiff in the instant matter was a direct result of this failure." He also alleged that "[t]he defendant(s) was negligent in failing to fulfill their responsibilities and duties as required by regulation and law." [*Id*., p. 2] He alleged that the defendants "... knew or reasonably should have known that they were violating plaintiff's clearly established Eighth Amendment rights." [*Id*., p. 4] He alleged that "...Defendants were negligent as they failed to follow policies ...and ... the proper procedures...." [*Id*., p. 5]

process); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir.1994), (holding that a state's failure to follow its own procedural regulations does not constitute a violation of due process if constitutional *minima* are met); *Murray v. Mississippi Department of Corrections*, 911 F.2d 1167, 1168 (5th Cir.1990), *cert. denied*, 498 U.S. 1050, 111 S.Ct. 760, 112 L.Ed.2d 779 (1991), (holding that alleged violations of a state statute did not give rise to federal constitutional claims); *Jackson v. Cain*, 864 F.2d 1235, 1251 (5th Cir.1989), ("A state's failure to follow its own procedural regulations does not establish a violation of due process, because 'constitutional *minima* may nevertheless have been met.' "); and *Brown v. Texas A & M University*, 804 F.2d 327, 335 (5th Cir.1986), (holding that a state agency's violations of its own internal regulations did not establish a Due Process violation or otherwise give rise to a constitutional claim).

### Conclusion and Recommendation

All claims arising prior to September 30, 2008, are prescribed and must be dismissed as frivolous. All claims asserted against non-juridical defendants must also be dismissed as frivolous. Finally, plaintiff's medical care claims against these and any other defendants must be dismissed because plaintiff's complaints fail to state a claim for which relief may be granted. Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint filed pursuant to Title 42 U.S.C. §1983 be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or

response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, April 28, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

14